**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 22 2025

| | |
|---|---|
| CAIXIA DU, | No.    16-72021 |
| Petitioner, | Agency No. A089-889-520 |
| v. | |
| PAMELA J. BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2025[**]
San Francisco, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and ROSENTHAL,[***]
District Judge.

Caixia Du, a native and citizen of China, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.[1]

1.      In denying asylum and withholding, the IJ found that Du's testimony and her demeanor "reflected an absence of credibility," and that absent her discredited testimony, Du failed to establish eligibility for relief. An IJ may base an adverse credibility determination on "demeanor, candor, or responsiveness, as well as the consistency between an applicant's statements and other evidence in the record." *Iman v. Barr*, 972 F.3d 1058, 1064–1065 (9th Cir. 2020) (cleaned up). We "look to the 'totality of the circumstances'" when reviewing an adverse credibility determination. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Doing so, we find that the adverse credibility determination is based on substantial evidence in the record.

Du claimed that Chinese police officers arrested her in 2008 because she is a Christian. She also testified that she knew that Chinese authorities were "still trying to arrest" her after she fled to the United States because "my husband told me so." When then asked by the IJ whether her husband had told the authorities that she was now in the United States, she responded that he did not "in the beginning," but that

---

[1]    The government's motion, Dkt. 46, to reopen this previously administratively closed case is granted.

2

"[n]ow he did." When asked by the IJ to explain this, Du responded "I don't know." The IJ found this response inconsistent with her previous testimony that her husband had told the authorities she was in the United States. Such an inconsistency can "support an adverse credibility determination." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Moreover, the IJ provided Du with an opportunity to explain the inconsistencies and reasonably found Du's explanation unpersuasive. *See Garcia v. Holder*, 749 F.3d 785, 790-91 (9th Cir. 2014).

The adverse credibility determination is also supported by the IJ's findings about Du's demeanor. "An immigration judge alone is in a position to observe an alien's tone and demeanor, to explore inconsistencies in testimony, and to apply workable and consistent standards in the evaluation of testimonial evidence." *Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) (cleaned up). The IJ noted that Du "stalled in answering" questions and "very nervously [looked] down at the counsel's table" when questioned about a specific instance in which she claimed to have "reported to police" after her release from detention. The IJ also noted that Du paused for a "substantial" period after being asked to tell the IJ "in as much detail as you can what you did during" the nine times that she claimed she was required to report to the police after her release from detention.

2. Absent her discredited testimony, Du presented no evidence establishing an individualized risk of future persecution if removed to China. The

IJ considered the relevant country conditions and human rights reports and acknowledged that Chinese Christians have been mistreated. However, the IJ reasonably found that Du failed to provide "credible, direct, and specific evidence in the record of facts that would support a reasonable fear" that she personally would be persecuted because of her religion. *Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (cleaned up); *see also Lolong v. Gonzalez*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc) (finding that a "general, undifferentiated claim" does not establish eligibility for asylum). Because Du failed to satisfy the standard of proof for asylum, she also "necessarily fails to satisfy the more stringent standard for withholding of removal." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) (cleaned up).

3.      To qualify for CAT relief, a "petitioner must show that it is more likely than not that he or she will be tortured, and not simply persecuted upon removal to a given country." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (cleaned up). "[G]eneralized evidence of violence and crime" that is "not particular" to the petitioner "is insufficient to meet this standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

The country conditions and human rights reports do not compel the conclusion that Du personally is more likely than not to be tortured if removed. And she presented no other evidence to support her claim that she would face a clear

probability of torture if removed. Substantial evidence therefore supports the agency's finding that Du does not qualify for CAT relief.

**PETITION FOR REVIEW DENIED.**